# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| LACY HARBER and § | |
| DOROTHY HARBER, and LJH, Ltd. § | |
| *Plaintiffs* § | |
| § | Civil Action No. 4:20-cv-329 |
| v. § | |
| § | |
| FIRST UNITED BANK AND TRUST CO., § | JURY TRIAL DEMANDED |
| an Oklahoma state chartered bank, § | |
| *Defendant*. § | |

## COMPLAINT

Plaintiffs, Lacy Harber, Dorothy Harber, and LJH, Ltd., (collectively "Plaintiffs"), by and through their undersigned attorneys, file this Complaint against Defendant, First United Bank and Trust Company ("First United" or "Defendant"), an Oklahoma state-chartered bank, and allege as follows:

### I.   *Jurisdiction, Parties, and Venue*

1.   This is an action for damages in excess of $75,000.00. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.   Plaintiff, Lacy Harber ("Lacy"), is an individual who, at all times relevant to this action, was and is a citizen and resident of Denison, Texas. Accordingly, Lacey is a citizen of Texas.

3.   Plaintiff, Dorothy Harber ("Dorothy"), is an individual who, at all times relevant to this action, was and is a citizen and resident of Denison, Texas. Accordingly, Dorothy is a citizen of Texas.

4. Plaintiff, LJH, Ltd. ("LJH"), is owned and controlled by Lacy and Dorothy. At all times relevant to this action, it was and is a citizen and resident of Texas.

5. Defendant, First United is an Oklahoma state-chartered bank which, at all times relevant to this action, has and had its principal place of business in Durant, Oklahoma. Accordingly, First United is a citizen of Oklahoma. First United may be served with summons and a copy of this Complaint by service through its registered agent, William David Keese, 1700 Redbud Boulevard, Suite 130, McKinney, Texas 75069, or wherever he may be found.

6. First United is subject to jurisdiction in Texas because it: (a) engages in substantial and not isolated activity within Texas; and (b) the causes of action alleged herein arise from First United's actions and/or inactions in Texas related to Plaintiffs' funds improperly transferred by First United from one of its branch locations in Sherman, Texas.

7. Venue is appropriate in this Court pursuant to 18 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred, or a substantial part of the property that is the subject of this action is situated, in this district.

## II.     General Allegations

8. Lacy and Dorothy owned American Bank of Texas, a successful regional bank. The Massey family, including John Massey and Greg Massey, owned First United. In 2016, First United and American Bank of Texas merged. First United remained as the surviving entity. Lacy, Dorothy, and the Masseys had been friends for years before the merger. After the merger, they remained friends and Plaintiffs remained as substantial depositors, customers, and shareholders of First United. As a result of their longstanding and continuing relationship, and Lacy and Dorothy's ownership interest in First United, a relationship of trust and confidence existed between Plaintiffs and First United resulting in a confidential relationship between them. In addition, like all First

United depositors, First United owed Plaintiffs a duty of care to insure the safety and integrity of funds deposited with First United.

9. In addition to duties to safeguard and maintain funds deposited into its care, First United offers a variety of other services to substantial depositors such as Plaintiffs. These services include, *inter alia*, "private banking" services. Private banking provides a high level of personal service and attention to bank customers such as Plaintiffs. In providing these services, First United exercised far more control over Plaintiffs' bank account than in a traditional depositor relationship.

10. First United provides its private banking services through employees operating at one or more of its branches. One such First United private banking officer is Jamie Brazille ("Brazille"). At all times relevant to this lawsuit, Brazille was an employee and a vice president of First United. In her capacity as an employee and officer of First United, Brazille provided private banking services, banking services, and accounting services to Plaintiffs. In addition to being employed by First United, Brazille was also paid by Plaintiffs to perform certain bank-related services such as transferring money to and from Plaintiffs' accounts and to others.

11. Without Plaintiffs knowledge or consent, Brazille tortiously and unlawfully transferred approximately $940,000.00 from Plaintiffs' account to third-parties not authorized by Plaintiffs to receive these funds. Brazille facilitated these transfers in her capacity as an employee and officer of First United and without the notice, knowledge, or consent of Plaintiffs.

12. Brazille and First United knew Plaintiffs' funds were unlawfully transferred and agreed to, and did, hide this information from Plaintiffs. For example, after Plaintiffs discovered their loss, First United sought to deceive Plaintiffs by having its Chief Executive Officer, Greg Massey, a long-time friend of Lacy and Dorothy, misrepresent to Lacy that Brazille was a low level employee. This misrepresentation was made even though Brazille was a vice president of

First United.

13. As a result of the actions and inactions of First United, Plaintiffs lost and were deprived of approximately $940,000.00, for which they seek compensation by this lawsuit.

### III.     Count 1—Negligence

14. Plaintiffs reallege paragraphs 1-13 above as if more fully set forth herein.

15. At all relevant times, First United had, and exercised, control over Plaintiffs' funds deposited at First United. As a result, First United had a duty of care in handling, retaining, and ensuring the safety of Plaintiffs' funds. In breach of First United's duties to Plaintiffs, First United, acting by and through Brazille and others, intentionally, and/or recklessly, and/or negligently, and without Plaintiffs' knowledge and consent, took control of and misapplied $940,000.00 of Plaintiffs' funds. As a proximate result of First United's breach of its duties to Plaintiffs, Plaintiffs' suffered losses, actual damages, and punitive damages exceeding $1 million.

### IV.     Count 2—Breach of Fiduciary Duty

16. Plaintiffs reallege paragraphs 1-15 above as if more fully set forth. herein.

17. First United owed Plaintiffs a fiduciary duty and breached that duty. As a result of First United's breach of fiduciary duty, Plaintiffs sustained damages exceeding $1 million. As noted above, First United, through its agents, officers, and directors, had longstanding relationships with Plaintiffs that preceded the business relationships at issue here. And, by virtue of these longstanding personal relationships First United and Plaintiffs had a confidential relationship resulting in First United receiving rights of control, as well as access to and involvement in transactions such as deposits and transfers of large sums of money.

### V.     Respondeat Superior

18. Plaintiffs reallege paragraphs 1-17 above as if more fully set forth herein.

19. Whenever in this Complaint it is alleged that First United did any act or thing or omission, it is meant that First United, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of First United and was done in the normal and routine course and scope of employment First United and its officers, agents, employees, or representatives.

20. Thus, all acts and omissions of Brazille, Greg Massey, and any other employee or agent of First United which are referenced herein were performed in the course and scope of their employment for First United making First United vicariously liable for all such acts and omissions under the doctrine of *respondeat superior*. In addition, First United has allowed its employees to hold themselves out as agents with authority to act on its behalf and it is bound by the doctrine of apparent agency.

## VI.    *Attorneys' Fees*

21. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 20 as if they were set forth fully herein.

22. To pursue the claims set forth herein, Plaintiffs retained the undersigned counsel and law firm and are obligated to pay the undersigned counsel's and law firm's attorneys' fees and costs. Plaintiffs, therefore, seek to recover all of their costs of court, expenses, and reasonable and necessary attorneys' fees, incurred in the prosecution of this cause as well as the reasonable and necessary attorneys' fees incurred in any appeal therefrom.

## VII.    *Damages and Punitive Damages*

23. Plaintiffs are entitled to actual, consequential, and punitive damages. Actual damages include the $940,000.00 misapplied from Plaintiffs' account, less any sums recovered that are not from a collateral source. Lacy and Dorothy have also suffered mental anguish due to

the extreme nature of the betrayal by First United. The Bank's conduct has caused a severe disruption in their daily routine, and the emotional distress is more than annoyance, but is severe and ongoing.

24. In addition, Plaintiffs have suffered millions of dollars of consequential damages due to the loss of their $940,000.00. For example, Plaintiffs could not pay some of their bills requiring they sell other assets in a depressed market to keep some of their bills current. In addition, as a result of the loss of the $940,000.00 occasioned by First United, Lacy has missed several business opportunities resulting in even greater losses.

25. Furthermore, Plaintiffs are entitled to punitive damages because Defendant acted with malice. For example, once Plaintiffs' loss occurred, First United, acting thorough its officers, directors, agents, and employees, agreed to and did keep Plaintiffs' loss a secret from Plaintiffs and sought to mislead them by misrepresenting Brazille's status at First United.

26. Plaintiffs are entitled to uncapped punitive damages because First United misapplied property of a financial institution. TEX. PENAL CODE ANN. § 32.45 (Vernon 2017).

### VIII.   Conditions Precedent

27. All conditions precedent for the recovery of the damages and other relief sought herein have been performed, or have occurred, or have been satisfied, or have been excused or have been waived.

### IX.   Jury Demand

28. Defendants request that they be allowed to try their claims before a jury. A jury fee has been paid.

WHEREFORE, Plaintiffs Lacy Harber, Dorothy Harber, and LJH, Ltd. pray that Defendant First United Bank and Trust Co. be cited to appear and that Plaintiffs receive judgment against Defendant First United Bank and Trust Co. in an amount in excess of the jurisdictional limits of

this Court plus interest, costs, and attorneys' fees, and such other and further relief as the Court deems necessary, just, and proper.

Dated: April 17, 2020

DOBROWSKI, LARKIN & JOHNSON, LLP

By: */s/ Anthony D. Weiner*
    Anthony D. Weiner
    Texas Bar No. 24043904
    Federal Bar No. 38618
    tony@laurahaleylaw.com
    4601 Washington Avenue, Suite 300
    Houston, Texas 77007
    Telephone: (956) 446-0601

OF COUNSEL:

Craig S. Smith
Texas Bar No. 18553570
csslawrr@gmail.com
14493 S.P.I.D., Ste. A
Corpus Christi, Texas 78418
Telephone: (361) 728-8037

HALEY LAW FIRM, PLLC
Laura P. Haley
Texas Bar No. 24012766
laura@laurahaleylaw.com
Gail M. Brownfeld
Texas Bar No. 03217500
gail@laurahaleylaw.com
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 446-0601

COMPLAINT
*Harber, et al. v. First United Bank and Trust Co.*
Page 7 of 7